UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOAAN SHIPP, | No. 2:20-cv-0938-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DR. OGNJEN PETRAS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF Nos. 7 & 8.

### Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the agency having custody of plaintiff is directed to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

Plaintiff's complaint alleges the following: Plaintiff suffers from moderate to severe bilateral carpal tunnel syndrome. ECF No. 6, ¶ 8. He underwent surgery on his left hand in October of 2018 and his right hand in November of 2018. *Id.* ¶¶ 12-13. On November 27, 2018, plaintiff was experiencing severe pain in both hands. *Id.* ¶ 14. Dr. Dillion, a non-defendant physician and surgeon, assured plaintiff that he would be referred for physical therapy. *Id.*

Several weeks later, on December 14, 2018, one of plaintiff's treating surgeons, Dr. Trzeciak, recommended that plaintiff receive occupation therapy. *Id.* ¶ 16. On December 19, 2018, plaintiff's primary care provider, defendant Dr. Virginia Ota "waived" the order for physical therapy and opted instead to provide plaintiff with splints and increased pain medication as a "quick fix." *Id.* Plaintiff eventually received physical therapy on January 16, 2019. *Id.* ¶ 17. The delay, however, resulted in hardened tissue in plaintiff's palms, an increase in pain, and difficulty holding objects. *Id.* ¶ 20. Plaintiff asserts Eighth Amendment deliberate indifference to medical needs claims against Dr. Ota and Dr. Ognjen Petras, who was replaced by Dr. Ota as plaintiff's primary care provider.

Plaintiff's claims cannot survive screening as they lack sufficient detail to establish deliberate indifference for an Eighth Amendment claim. As for defendant Petras, there are no specific allegations indicating if, when, or why he denied or delayed physical/occupation therapy for plaintiff. As for defendant Ota, there are no specific allegations as what rationale underlay her decision to pursue other medical options over physical therapy. It is also unclear what plaintiff means when he states that she "waived" physical therapy. *See* ECF No. 6, ¶ 16. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Absent some indication as to why either defendant denied physical therapy, it is impossible to determine whether either of them acted with deliberate indifference.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 7 & 8) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 6) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

/////

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 29, 2020.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE